IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

VS.                             CASE NO. 5:23-50054-004 TLB

ANGELIQUE DELISE                                                                         DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1 ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Such a hearing was conducted on February 29, 2024, and, pursuant to a written plea agreement, the Defendant, Angelique Delise, waived Indictment and entered a plea of guilty to Count One of an Information charging her with the offense of knowingly and intentionally possessing with intent to distribute a controlled substance, namely, a substance or mixture or substance containing a detectible amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The plea agreement provides that if the Court accepts the plea agreement, once the Court has pronounced sentence, the United States will move to dismiss the remaining counts against Defendant contained in the Indictment.

After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned finds:

1. Defendant understands her constitutional right to be charged by an indictment by a grand jury, and after consultation with her counsel, wishes to waive this right. Defendant has knowingly and voluntarily waived her right to be charged by indictment by a grand jury and the Waiver of Indictment has been filed at the direction of the Court. (ECF No. 129).

2. Defendant, after further consultation with her counsel, has knowingly and voluntarily

consented, both in writing in the plea agreement and on the record at the hearing, to the entry of her guilty plea to Count One of the Information, before the undersigned, with the plea being subject to final approval by United States District Judge Timothy L. Brooks.

3.   Defendant and the Government have entered into a written plea agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the plea agreement be filed. (ECF No. 133).

4.   Defendant is fully competent and capable of entering an informed plea; Defendant is aware of the nature of the charges contained in the Information, the applicable maximum penalties, and the consequences of the plea of guilty; Defendant is fully satisfied with her counsel and has had sufficient time to consult with counsel; and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

5.   Defendant understands her constitutional and statutory rights and wishes to waive these rights.

6.   The parties were informed, both in writing in the plea agreement and on the record at the hearing, of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation.  To expedite acceptance of the guilty plea, the parties waived, both on the record and in writing in the plea agreement, their right to file objections.

Based on the foregoing, the undersigned recommends that Defendant's guilty plea be accepted.  The written plea agreement will be subject to approval by the District Judge at sentencing.

DATED this 29th day of February 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE